UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HORACE LEE HANKERSON,

    Plaintiff,

v.                                        Case No. 3:12cv251/LC/CJK

P. JOHNSON, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    This prisoner civil rights case asserting claims under 42 U.S.C. § 1983 is before the court upon a summons returned unexecuted against defendant P. Johnson. (Doc. 42). On June 28, 2013, the court completed its review of plaintiff's case and ordered the United States Marshals Service ("USMS") to effectuate service upon defendants Johnson and Santos. (Doc. 19). On July 1, 2013, the court issued the summons as to both defendants. (Doc. 20). The USMS initially served both defendants at Blackwater River Correctional Facility, but upon review, the court determined service was not effectuated properly. On October 25, 2013, the court ordered service be re-effectuated upon the defendants. (Doc. 25). On November 13, 2013, defendant Santos was properly served. (Doc. 28). One month later, on December 17, 2013, the summons against defendant Johnson–who was believed to be located at Blackwater

River Correctional Facility–was returned unexecuted. (Doc. 29). The USMS has informed the court that, according to the warden of Blackwater River Correctional Facility's secretary, Leslie Laggett, defendant Johnson does not currently work at Blackwater River Correctional Facility, and his forwarding address came back undelivered. (Doc. 29, p. 1). On December 17, 2013, the court issued an order requiring that plaintiff file defendant Johnson's address with the court so that service could be properly effectuated. (Doc. 30). Plaintiff indicated that defendant Johnson is working at the Okaloosa County Sheriff's Corrections Department, located at 1250 Eglin Parkway, Shalimar, Florida 32579. (Doc. 32). The court subsequently issued an order directing service upon defendant Johnson at the address provided by the defendant (doc. 35), but service was again returned unexecuted (doc. 37). The Okaloosa County Sheriff's Office indicated that defendant Johnson was employed at Blackwater River Correctional Facility. (Doc. 37, p. 2). In response, the court again issued an order requiring the USMS to effectuate service upon defendant Johnson at Blackwater River Correctional Facility. (Doc. 38). Again, service was returned unexecuted and Blackwater River Correctional Facility indicated that defendant Johnson does not work at the facility. (Doc. 42). Upon inquiry, the Okaloosa County Department of Corrections indicates that defendant Johnson is not currently employed there.

The Federal Rules of Civil Procedure require that the plaintiff properly serve a defendant within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). The court completed its review of plaintiff's complaint on July 1, 2013, and directed that service be effectuated at that time. The summons issued on that date. Over 120 days have passed since that date, and service against defendant Johnson has still not been

effectuated. Plaintiff has been unable to provide the proper address of defendant Johnson and inquiries into defendant Johnson's location have not divulged any additional information. On April 2, 2014, the court issued an order requiring plaintiff to show cause why this case should not be dismissed against defendant Johnson for failure to comply with the Federal Rules of Civil Procedure. (Doc. 43). In response, plaintiff claims he has made various efforts to ascertain defendant Johnson's location and that these efforts led him to believe defendant Johnson was employed by the Okaloosa County Sheriff's Department. (Doc. 44). Plaintiff further suggests, through conclusory assertions, that defendant Johnson is deliberately evading service. (Doc. 44). Plaintiff requests the court allow him one additional opportunity to locate defendant Johnson, and that the court order the USMS to use "every available resource to locate" defendant Johnson. (Doc. 44, p. 3). Importantly, the record before the court does not support an inference that defendant Johnson is attempting to evade service. Instead, the record evidences that plaintiff has been unable to ascertain defendant Johnson's address, despite several attempts to do so. Moreover, the USMS has diligently and repeatedly attempted service. The Federal Rules expressly contemplate, and indeed require, dismissal after inability to effectuate service in a reasonable time.

The court also notes that the issue complained of, a failure by the defendants to protect the plaintiff from another inmate, is alleged to have occurred on April 24, 2012. (Doc 16, p. 6). As such, dismissal without prejudice of the complaint against defendant Johnson will not hinder subsequent attempts by plaintiff to bring suit against defendant Johnson under § 1983. *See Lewis v. Broward County School Bd.*, 489 F. App'x 297, 298 (11th Cir. 2012) ("In a § 1983 case brought in the forum state

of Florida, the statute of limitations is four years." (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003))).

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITHOUT PREJUDICE against defendant Johnson for plaintiff's failure to effectuate proper service within the time allowed by the Federal Rules of Civil Procedure.

At Pensacola, Florida this 15th day of April, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**